The next matter, number 24-1910, United States v. Richard Pimental. At this time, would counsel for the appellant please come to the podium and introduce herself on the record to begin? Good morning, and may it please the Court. I'm Chrissy DiMasso. I represent Richard Pimental. I'd like to reserve two minutes for rebuttal. You may. This case involves a straightforward application of the categorical approach. This Court's precedent, Supreme Court case law, showed that Massachusetts carjacking does not include, as an element, the use, attempted use, or threatened use, of physical force against another. This conclusion is evident from the language of the statute itself. Let me ask you a question. The Massachusetts courts, at least we were to interpret Anderson, Commonwealth v. Anderson, to say that this is not a crime of violence, that's a state definition. We would still have to look at the statute from a federal lens? Yes. I think there's a number of reasons that Anderson does not change the result here. So even if Anderson is interpreted the way the government tells us to follow Massachusetts law, we go to the federal definition, and that's where you would prevail under your argument? Yes. Even if Anderson is not dicta, even if Anderson, ignore the fact that Anderson has no analysis of Johnson and similar cases, Anderson is making a state law statement. So even if we gave the government the benefit of what Anderson says under state law, still we go to the analysis under federal law, no matter what? Yes, and I think that's been clear since Johnson. That's what happened in Johnson. The Florida courts had already made their determination about that Florida statute, and the Supreme Court said, nope, we go in again. Even if the state ACCA is exactly identical, we go back in. It's a question of federal law. And I think part of why that's so important is, you know, this court's internal case law needs to stay consistent. And Anderson, to the extent that that is a holding in Anderson, which I do not agree with, I do believe it's dicta in Anderson, Anderson's inconsistent with other things this court has held, right? This court has repeatedly, in a variety of Massachusetts statutes, talked about how assault can be accomplished by a mere touching, and assault is not a crime of violence. Carjacking can be committed by way of assault, which means it can be committed by way of a mere touching. The fact that it requires an intent to steal a car does not add anything to that, does not make it a violent crime requiring force against another person. You see the fact that, like, sort of intent to steal cars, intent related to property, fear related to property, does not convert into use of force attempted, use of force threatened, use of force against a person. You see that in this court's recent decision in Rodriguez-Mendez, which dealt with the sort of Puerto Rico, it's not technically the carjacking statute, but the court calls it that a number of times. And you also see that in the sort of the similar Ninth Circuit cases. This court has also held that Massachusetts robbery and unarmed robbery are not crimes of violence, armed robbery and unarmed. The Massachusetts court- Is that Starks? I'm sorry, that's Starks, yes. The Massachusetts court treats carjacking as a lesser included offense of robbery. So this court's already said that sort of the bigger thing, the more serious crime is not a crime of violence, carjacking is a lesser included, and that's Massachusetts state law as well, that carjacking is a lesser included offense. So this court's analysis really dictates the result here, that Massachusetts carjacking, which can be committed by means of assault or also fear or confinement, we would also argue do not necessarily involve the use, attempted use or threatened use of force against a person, really dictate the answer here. Right. I mean we're supposed to look at the state statute and determine do the elements there match the federal statute elements. We've got assaults, confines. I mean in some ways to me confines is the easiest because we can think of a lot of examples where force wouldn't be involved, like I lock you in your bedroom at night, you go to sleep and I take your car. I've confined you and I've taken your car. That probably satisfies the mass statute, but it doesn't have the use of force under the federal. That's right. And the Massachusetts jury instructions do say that confinement is any restraint. So it is really clear under Massachusetts law that confinement doesn't need to be any sort of forceful restraint. It can be the locking someone in a room, locking someone in their house. And, you know, Anderson doesn't change the element. Let's say we agree with you. How do you write a decision when you have Anderson? So you have really specific language from the SJC saying there is a use of force here. That is an element of the crime. Like how do you suggest we do that? I mean I think there's at least three possible ways to look at Anderson. The first is that Anderson's conclusion about or statement about use of force, threatened use of force, tempted use of force, is dicta. And I think that Martinez has some useful language about looking at SJC dicta. Martinez is the regular assault case, and it kind of goes in and says, oh, Massachusetts has made some noise. But assuming we don't think it's dicta or we consider it considered dicta, what next? I think you can also look to the fact that there is no analysis. That statement is presented sort of without citation. There's no reference to Johnson. It's very early, right? It's like a yearish after Johnson. It's before the SJC has actually officially adopted Johnson in the MassACC. Isn't the SJC saying that in order to convict under their law, it has to be a crime of violence? In other words, you can't convict for anything less than a violent act. What they're saying in Anderson? Yes. I read that Anderson holding ultimately as being youthful offender is considered under the juvenile portion of the statute. But they had to make a decision that if it was committed by an adult, it would be a crime of violence. So it was necessary for them to do the analysis in order to reach the decision regarding whether juveniles had the same culpability. I don't agree that that's a necessary holding for the SJC because the issue for the SJC was whether youthful offender is under the juvenile. Assuming we do. Okay. Assuming you do, I think you can also move on to the fact that Anderson is dealing with state law. It's applying the state ACCA, and Johnson and Progeny have repeatedly said, even if it's an identical state ACCA, federal law requires the federal court to do its own analysis. That that is simply a place where the federal court needs to make its own choices. And it makes sense here because that keeps the First Circuit law consistent. And I really would point to that piece in Martinez where the court is talking about how there's some indications in some SJC opinions that suggest that maybe the SJC thinks that assault involves the use of force, attempted use of force, or threatened use of force. But then Martinez goes on to say, but the SJC has also told us the elements of assault. And they've continued to tell us that the elements of assault can include a mere touching. And where they've told us that the elements of assault include a mere touching, we have to take those elements and then we have to compare them using federal law to the federal ACCA. And that, you know, if the SJC wants to, you know, whatever, the Massachusetts legislature is going to change the elements. That may sort of change whether the statute is still a crime of violence. But that's not what Anderson does. It does not change or define the elements of carjacking. So when you take the elements of Massachusetts carjacking, which include assault, fear, confinement, it simply does not require the use, attempted use, or threatened use of force. And it's clear from this Court's precedent and from the language of the statute. Let me ask you. Let's assume we were to find in your favor the case is remanded for resentencing. I assume you would request that the government not be allowed to then present any documents to show what occurred. Yes. The government had an opportunity to do that below. This was contested below, and they did not do that. Okay. Thank you. You have two minutes for rebuttal. Thank you. Counsel for the government. Good morning. Judge Helfian, may it please the Court. Mark Quinlivan on behalf of the United States. We do agree that this ultimately is a question of federal law. But let me go through the analysis of why you cannot so easily dismiss the SJC's decision in Anderson. We start with the fact that the Massachusetts ACCA has an elements or force clause that is nearly identical with the federal career offender guideline. It's the use, attempted use, or threatened use of physical force or a deadly weapon against the person of another. The only difference is the inclusion of the words or a deadly weapon, which plays no role in this case for reasons I'll discuss that Anderson made clear. Second is that the SJC has expressly held that the definition of physical force for purposes of Massachusetts ACCA has the exact same meaning as the interpretation of physical force for purposes of the federal ACCA set forth in Johnson. And third, the Massachusetts courts, in making a determination whether a crime qualifies as a violent crime for purposes of the Massachusetts ACCA, apply the same categorical approach that this Court applies in analyzing that question under the federal ACCA or the career offender guideline. And then that brings me to Anderson because... Okay, but before you go into Anderson, I'm looking at the statute, and I know counsel has brought that up, but it still has the modality of confining somebody. And again, that might not be a crime of violence or puts any person in fear. That might not be a crime of violence. So how do you, as a matter of federal law, I know what Anderson's, in your interpretation of Anderson or giving you the benefit of Anderson, but still, as a matter of federal law, that's the issue we have. They've got those modalities. Absolutely, Judge Helping. It's strange because you have this SJC saying it's a crime of violence, and then we apply that here, but then we still have to do that. And we would have to say, well, for purposes of this statute, SJC ruling doesn't preclude us from finding other ones. Absolutely, Judge Helping, and let me explain why we believe that the answer is to affirm. And first off, the Massachusetts ACA has four different clauses. There's an elements or force clause. The second clause says a crime is a violent crime if it involves burglary, extortion, or kidnapping. The third says it's a violent crime if it involves the use of explosives. And the fourth is basically a residual clause. The crime otherwise presents a substantial risk of serious harm to another. So the SJC didn't just say, well, Massachusetts carjacking qualifies as a violent crime writ large. They specifically identified the clause at issue here. And more importantly, that clause itself, as I noted, it says that it involves the use, attempted use or threatened use of physical force or a deadly weapon against the person of another. The SJC said after setting out the elements of the crime, the very next sentence said, therefore, this crime has as an element the use, attempted use, threatened use of physical force ellipsis against the person of the other. In other words, the SJC removed those four words because it did not apply or it found that it did not apply in that case. And then in the very following sentence, the SJC said that because the crime is punishable by imprisonment of one year or more, quote, there is no question that it would qualify as a violent crime for purposes of the Massachusetts ACCA. So I. So is the SJC saying that a necessary element is that it has to be a violent crime in order to get a conviction under this? Yes, absolutely. And I think what's important. And that it can't be committed, it can't be found guilty if it's committed by anything other than violence. Yes. And then how do you how do we address the assault component and the confines component in the actual statute we're supposed to be looking at? Well, I think the assault is the easier of the two. Yeah, I think the confine is really hard. Well, because I think it really is very similar to what this court did in Edwards. That was the question in that case was assault with a dangerous weapon. And this court said that you can't atomize the element or the word assault without reference to the other elements of the statute. And the addition of a dangerous weapon makes it impossible or implausible that the crime would be committed by an offensive touching. Similarly here, I would say that the additional elements are with the intent to steal a motor vehicle, a person assaults for the purpose of stealing the motor vehicle. Now, offensive touching is like spitting in somebody's face. Given the nature of the crime of carjacking, which courts have recognized, including Massachusetts courts, is an inherently violent crime. That makes it implausible that this crime could be committed. What about PINA? I know that's a lower, the intermediary court. But that didn't seem to have any force. Well, but I think it's important that this question about whether there is force really wasn't involved in that case at all. I mean, I think the defendant's claim there was that he was entitled to a judgment of acquittal because there's no proof that he intended to deprive the victim permanently of the car. Or that he was entitled to basically a jury instruction to that fact. So there was no analysis, and the court therefore didn't engage in the question of whether the use of force was involved. I think if you look at those facts, as we noted in our brief, I think you could find that it did involve the use, attempted use or threatened use of physical force. But at the end of the day, to the extent there's any difference between PINA and Anderson, it's of course Anderson that controls. But I think what concerns me is PINA just offers another example, perhaps, of like the countless examples I can come up in my head with, about why this particular carjacking statute may not require use of force at the state level, despite all you've argued here. That's what really worries me about your position. I understand, Judge Montecalvo, and I make two points in response. First is that, again, this was not a – the SJC's decision was not done without analysis. They specifically identified – the easiest way for the SJC in Anderson to have said, this is a violent crime if committed by adult would have been to say, at a minimum, it applies under the residual clause. In fact, that's what federal courts did prior to the now defunct residual clause, is that if it was unclear what clause the court had found the sentencing enhancement appropriate for, the default was the residual clause. But they didn't. They went specifically to the force or elements clause. And again, as I noted, they specifically, with the ellipsis, removed the words, or a deadly weapon, which means that in Anderson, the force or elements clause and the federal career offender elements clause line up precisely. Let me ask you. So, for example, because of the Massachusetts SJC ruling in Anderson, interpret it your way, as you argue, for example, if there's a carjacking that occurs and, let's say, the perpetrator confines somebody inside another car, that would not qualify as a carjacking under the Anderson. Absolutely. So what you're saying is that the Supreme Court has limited the reading of the statute, so the confinement must be a violent confinement. It must be putting somebody in fear. It just can't be, you know, making a face or I'm going to, you know, it has to really be violent. So the SJC has limited how to read that statute. That's what you're saying. That's what I'm saying, and I would make the additional point, Judge Helby, that Massachusetts, just like the federal courts and the Supreme Court, has said that when it is interpreting a statute, the meaning it gives to that statute isn't just perspective. But absent a due process concern, that interpretation governs the statute from when it was enacted. So we have the legislative act, which is a statute, but it must be, from our federal perspective, combined with the reading of the SJC, and that would foreclose defendant's argument. Absolutely, and I think it's important to add one other point, which is that Anderson was decided in 2012. Every single case that my friend has cited in support of the defendant's position predates Anderson. There's not a single case that has applied the carjacking statute in the manner that has been suggested here, and the Supreme Court has made clear that you can't just conjure up hypotheticals. There has to be a realistic possibility that a defendant would be charged in these circumstances, which is not the case following Anderson. Does our opinion in Starks finding that Massachusetts robbery is not a crime of violence affect what we do here? Should we look to that? I think you absolutely should, but I don't think it affects here because in Starks, what this court did is it looked to the least culpable conduct as interpreted by Massachusetts courts and then said, okay, does that meet the definition of physical force within the meaning of the federal ACCA? That's not what the defendant is asking this court to do. The defendant is asking this court in the first instance to identify the least culpable conduct without any case that so says and then come to the conclusion that in essence the SJC, the highest court of Massachusetts, misunderstood the elements of the carjacking statute. Thank you, counsel. Thank you. Two minutes for rebuttal. Chrissy DeMasso for Richard Pimentel. The government began by agreeing that this was a question of federal law but then went on to discuss a lot of state law, and I think there are some important nuances about the state law that the government did discuss. Anderson does not change the three elements of carjacking. The jury instructions, which Massachusetts has, come after Anderson. They're 2013. Anderson is 2012. There's also a Massachusetts appeals court case, Anitis, that I cited that's from 2020, that showed that the elements of carjacking do not include some sort of new it has to be violent. There's no finding. Juries are not required to make that finding in Massachusetts. Anderson does not do that. Additionally, Anderson, it's important that Anderson. Let me say, because Anderson was a juvenile case. In juvenile cases, there's no jury. But to the extent that we're saying that the government is saying that Anderson somehow changes the elements, Anderson itself was actually an adult case that had a juvenile conviction at issue. So to the extent the government is saying that Anderson changes the elements of carjacking writ large, it does not. Additionally, Anderson comes after Mr. Pimentel's Massachusetts conviction. At the time that Mr. Pimentel was convicted, cases like Pena are on the books. That type of conduct suffices. So even to the extent that Anderson does somehow change the elements, we need to look at what the elements were, what was going on when Mr. Pimentel was convicted. Also, I want to point out about Edwards very quickly. Edwards was not simply assault with a weapon. Edwards was armed assault with intent to kill. And the intent to kill, the court really relied heavily on that, that bringing a weapon involved plus the intent to kill was what sort of imported a threat of force into Massachusetts assault, which otherwise can be committed by a mere touching. Have you found any Pena-like cases since Anderson? Well, first of all, I don't think that we have to. I think there's two ways that we can prevail here. And one is that this is not actually applying legal imagination, that there's lots of ways to think about confinement without violence, and that this court's own opinions really dictate that Massachusetts assault is not a crime of violence. And so I'm not asking, we're not looking to apply legal imagination. We're looking at precedent at the face of the law. And then I think that Pena actually is, it's quite helpful that it's old. Mr. Pimentel's conviction is from 2000. So to actually look at what cases were being brought at the time that his conviction happened, I think is really important. And I do think it's critically important that Anderson is not adding elements to the Massachusetts state law. Anderson was writing about the Massachusetts ACCA, and this court must make a determination about the federal ACCA applying its precedent to this statute and the elements as defined by Massachusetts law. Thank you. Okay. Thank you. Thank you. That concludes argument.